IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| 360 WRAPS, INC., | § |
| *Plaintiff*, | § |
| v. | § CIVIL ACTION NO. _____ |
| 360 TINT AND WRAP LLC, | § |
| *Defendant*. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff 360 WRAPS ("360") files this Original Complaint against Defendant 360 Tint and Wrap LLC ("Tint and Wrap") and would respectfully show:

## I.
## NATURE OF THE ACTION

1. 360 institutes the instant action to assert its rights against Tint and Wrap's blatant trademark infringement. 360 is a company that provides car wrapping services to customers across the nation, including through the operation of a wrap shop in Houston, Texas, where the events giving rise to this lawsuit occurred (and continue to occur). Wrapping a car consists of applying a vinyl coating around a vehicle to apply decals or otherwise change the vehicle's exterior appearance. 360 has provided services to numerous large-scale companies and individuals alike since 2007.

2. 360 is the holder of three distinct trademarks in relation to its vehicle wrapping business (the "Registered Mark(s)"). The first is a black and white circular logo featuring the 360 Wraps logo and website name first used on March 20, 2007, and registered on August 17, 2010

(attached as Exhibit A).[1] The second is a colored version of the same logo and web name first used on March 20, 2007, and registered on August 2, 2016 (attached as Exhibit C.) Finally, the last mark is a word mark for 360 Wraps, first used on March 20, 2007, and registered on August 2, 2016 (attached as Exhibit D.)

3. On or about October 11, 2024, 360 delivered a cease-and-desist letter (attached as Exhibit E) demanding Tint and Wrap refrain from using the name "360 Tint and Wrap" and website name "360tintandwraps.com" as they are likely to cause consumer confusion with 360's senior use of the same or similar marks.

4. Accordingly, 360 seeks to protect its business operations from Tint and Wrap's trademark infringement by obtaining a judicial declaration enjoining Tint and Wrap from further and continued use of the infringing marks, among other relief.

## II.
## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff 360 is a corporation organized under the laws of the state of Texas with its principal place of business located at 775 Royal Lane, Dallas, Texas 75261-4528.

6. Defendant Tint and Wrap is a limited liability company organized under the laws of the State of Texas with its principal place of business located at 9225 Katy Fwy STE 410, Houston, Texas 77024-1511. Tint and Wrap may be served by serving its registered agent: Michael Cotrone, 9225 Katy Fwy STE 410, Houston, Texas 77024-1511.

7. This is a claim for relief under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, chapter 16 of the Texas Business and Commerce Code, and Texas common law. It seeks relief for service mark infringement and infringement of trade name rights.

---

[1] This mark was registered by Tommy Strader, an individual, but was later assigned to 360 WRAPS, INC. on August 18, 2015. The assignment is attached as Exhibit B.

8. This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to 360's claims occurred—and continue to occur—in this District and because Tint and Wrap is subject to personal jurisdiction in this District under Federal Rule of Civil Procedure 4(k).

## III.
## FACTUAL BACKGROUND

10. 360 is a nationally renowned provider of vehicle wrap services that enables clients to customize the exterior of their vehicles through the application of vinyl decals for personal or commercial use, as well as color customizations beyond the availability of traditional paints. 360 began operation in 2007 in the Dallas-Fort Worth metroplex and has sustained continued growth in the ensuing seventeen years allowing 360 to open locations in Houston, Texas, and Corona, California.

11. Over the years, 360 took steps to protect its brand and reputation by securing trademarks for its logo, name, and webpage.[2] 360 did so to ensure any potential competitors would be unable to infringe upon the years of goodwill 360 has built with its customers and brand recognition within the industry.

12. On or about October 11, 2024, 360 discovered that Tint and Wrap was in operation under the name 360 Tint and Wrap providing the same or similar vehicle modification services as 360 in the Houston area.

---

[2] Attached Exhibits A, C, and D.

 

13. Tint and Wrap's company logo and website feature the same or similar features to those 360 has used for over seventeen years, notably the circular logo featuring "360" and "Wrap." The marks used by Tint and Wrap directly infringe on those held by 360 as they are likely to cause confusion due to the similarity of the marks, services, advertising and consumer perception.

14. The unauthorized use by Tint and Wrap of 360's Registered Marks is likely to cause confusion, mistake, or to deceive customers and potential customers of 360. Customers are likely to believe that Tint and Wrap is either the same company as 360 or that the two are affiliated in some way, when no such affiliation exists. The likelihood of confusion is enhanced because Tint and Wrap is a direct competitor in the vehicle wrap business in Houston, Texas. In fact, customer confusion has undoubtedly already occurred. For instance, on the social media site Reddit, one user asked for recommendations for a Houston wrap provider to which one commenter replied "360 good." Any potential customer who searches for similar advice on a wrap provider in the Houston area will be unable to know whether 360 refers to 360 WRAPS or 360 Tint and Wrap. Tint and Wrap's actions, as they pertain to 360's names and Registered Marks, have caused and will continue to cause customer confusion between the established senior mark of 360 and the infringing mark of Tint and Wrap.



15. As Defendant Tint and Wrap's operations and branding infringe upon Plaintiff 360's senior and continued use of the same or similar marks, Defendant must be enjoined from further use of all packaging, signing, advertisements, internet postings of advertisements, and any other material bearing or using the Registered Marks of 360.

## IV.
## CLAIMS FOR RELIEF
### COUNT 1: Trademark Infringement under Section 32(1) of The Lanham Act, 15 U.S.C. § 1114(1)

16. 360 incorporates the foregoing paragraphs by reference as if fully set forth herein.

17. Without 360's consent, Defendant Tint and Wrap has used and continues to use in commerce: reproductions, copies, and colorable imitations of 360's Registered Marks in connection with the offering, distribution, and advertising of automotive services which is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

### COUNT 2: Trademark Infringement, False Designation of Origin, and Unfair Competition under Section 43(a)(1)(A) of The Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

18. 360 incorporates the foregoing paragraphs by reference as if fully set forth herein.

19. Tint and Wrap's uses of 360's Registered Marks, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Tint and Wrap, their services and products, and/or their commercial activities by or with 360, and

thus constitute trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT 3: Trademark Infringement under
### Section 16.102 of the Texas Bus. and Com. Code

20. 360 incorporates the foregoing paragraphs by reference as if fully set forth herein.

21. Without 360's consent, Defendant Tint and Wrap has used and continues to use in commerce reproductions, copies, and colorable imitations of 360's Registered Marks in connection with selling, distributing, offering for sale, or advertising automotive goods and services when the use is likely to deceive or cause confusion or mistake as to the source or origin of the goods and services in violation of Section 16.102 of the Texas Bus. and Com. Code.

### COUNT 4: Common-Law Trademark Infringement
### and Unfair Competition

22. 360 incorporates the foregoing paragraphs by reference as if fully set forth herein.

23. Tint and Wrap's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Tint and Wrap with 360, or as to the origin, sponsorship, or approval of Tint and Wrap, their services/products, and their commercial activities by or with 360 such that Tint and Wrap's acts constitute infringement of 360's proprietary rights in its Registered Marks, misappropriation of 360's goodwill in those marks, and unfair competition under Texas common law.

### V.
### ATTORNEYS' FEES

24. 360 incorporates the foregoing paragraphs by reference as if fully set forth herein.

25. Pursuant to 15 U.S.C. § 1117 and other applicable laws, 360 is entitled to the recovery of reasonable and necessary attorneys' fees in this action.

## VI.
## JURY DEMAND

26. Pursuant to Fed. R. Civ. P. 38, 360 respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## VII.
## PRAYER

Plaintiff 360 WRAPS, INC. respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

(1) Defendant 360 Tint and Wrap LLC be cited to appear and answer this complaint;

(2) An order declaring that Defendant Tint and Wrap LLC's use of Plaintiff 360 WRAPS, INC.'s name and Registered Marks infringes upon 360's rights in those marks and names and constitutes unfair competition under federal and/or state law, as detailed above.

(3) A permanent injunction enjoining Defendant Tint and Wrap LLC and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

> A. From using or registering Plaintiff 360 WRAPS, INC.'s names and marks and/or any other marks or names that are confusingly similar to Plaintiff 360 WRAPS, INC.'s names and marks, as or as part of a trademark, trade name, corporate name, business name, e-mail address, domain name, URL, metatag, keyword, or other name, mark, or identifier;

(4) An Order directing Defendant Tint and Wrap LLC to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Plaintiff 360 WRAPS, INC.'s attorneys a

report in writing and under oath setting forth in detail the manner and form in which Defendant Tint and Wrap LLC has complied with the injunction.

(5) An Order directing Defendant Tint and Wrap LLC to immediately remove, at Defendant's sole cost, signage bearing Plaintiff 360 WRAPS, INC.'s names and marks and/or any other marks or names that are confusingly similar to 360's names and Registered Marks.

(6) An Order requiring Defendant Tint and Wrap LLC to pay Plaintiff 360 WRAPS, INC. damages in an amount as yet undetermined caused by the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws.

(7) An Order requiring Defendant Tint and Wrap LLC to pay Plaintiff 360 WRAPS, INC. its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

(8) Any other relief as the Court may deem just and proper.

Respectfully submitted,

KESSLER & COLLINS, PC

By:   /s/ *Evan W. Weltge*
     EVAN W. WELTGE
     State Bar No. 24110523
     eweltge@kesslercollins.com
     MICHAEL J. SCHLUTERMAN
     State Bar No. 24129534
     mschluterman@kesslercollins.com
     ANTHONY J. BARBIERI
     State Bar No. 24025235
     abarbieri@kesslercollins.com

500 N. Akard St., Suite 3700
Dallas, Texas 75201
(214) 379-0722 - Telephone
(214) 373-4714 - Facsimile

**ATTORNEYS FOR PLAINTIFF 360 WRAPS, INC.**